**Judge Hellerstein**

Cardillo & Corbett
Attorneys for Plaintiff
STEVEN, STEPHAN & TONNY INTERNATIONAL TRADING PTY. LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
James P. Rau (JR 7209)

08 CV 02756

RECEIVED
MAR 1 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
STEVEN, STEPHAN & TONNY INTERNATIONAL :
TRADING PTY. LTD.,                     :
                                       :
                  Plaintiff,           :   **ECF**
                                       :   **VERIFIED COMPLAINT**
         -against-                     :
                                       :
CINGLER SHIPPING PTE. LTD. and         :
TRIMURTI EXPORTS,                      :
                                       :
                  Defendants.          :
----------------------------------------x

Plaintiff, STEVEN, STEPHAN & TONNY INTERNATIONAL TRADING PTY. LTD. (hereinafter "SST"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendants, CINGLER SHIPPING PTE. LTD. (hereinafter "Cingler") and TRIMURTI EXPORTS (hereinafter "Trimurti"), alleges, upon information and belief, as follows:

JURISDICTION

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

2.  At all times material to this action, SST was,

and still is, a foreign company duly organized and existing under the laws of Australia with an address at 2201 Huaxia Bank Building, 256 South Pudong Road, Shanghai, 200120, China.

3. At all material times defendant, Cingler was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a foreign country with an address c/o Trimurti Exports, C/F 1 & 3, J.B. Apts. Near Pandava Church, Aquem Alto, Margao, Goa 403601, India.

4. At all material times defendant, Trimurti was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a foreign country with an address C/F 1 & 3, J.B. Apts. Near Pandava Church, Aquem Alto, Margao, Goa 403601, India.

<u>CINGLER'S BREACH OF CONTRACT - M/V IRAN MOBIN</u>

5. On October 20, 2007 SST, as disponent owner, chartered the M/V IRAN MOBIN (the "Vessel") to Cingler, as Charterer, to carry a cargo of 24,000 metric tons (10% more or less) bulk iron ore from India to China (the "Charter Party").

6. Under the terms of the Charter Party, the agreed demurrage rate was $20,000 per day.

7. At the load port of Goa, India the Vessel incurred demurrage in the amount of $116,666.67.

8. At the discharge port of Lanshan, China, the

Vessel incurred demurrage in the amount of $31,630.55. As a result $148,227.22 in demurrage is outstanding and due to SST.

9. SST has demanded payment of said demurrage, but Cingler has failed and refused to pay.

10. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

11. SST has commenced arbitration in London against Cingler, and SST's claims thereunder are now the subject of that arbitration.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, SST expects to recover the following amounts in that action:

| | | |
|---|---|---|
| A. | Principal claim: | $148,227.22 |
| B. | Interest, arbitration fees and attorneys' fees: | $90,000.00 |
| | Total: | $238,227.22 |

### SST'S CLAIM AGAINST TRIMURTI - M/V IRAN MOBIN

13. SST repeats and realleges each and every allegation contained in paragraphs 1-12 of the this Complaint as if set forth herein.

14. Notice of Cingler's refusal to pay the demurrage was given to Trimurti. Although Trimurti guaranteed Cingler's

3

performance, Trimurti has failed and refused to pay the outstanding demurrage.

15. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

16. SST has commenced arbitration in London against Trimurti, and SST's claims are now the subject of that arbitration.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, SST expects to recover the following amounts in that action:

| | | |
|---|---|---|
| A. | Principal claim: | $148,227.22 |
| B. | Interest, arbitration fees and attorneys' fees: | $90,000.00 |
| | Total: | $238,227.22 |

## CINGLER'S BREACH OF CONTRACT - M/V PACIFIC BANGZHE

18. SST repeats and realleges each and every allegation contained in paragraphs 1-17 of the this Complaint as if set forth herein.

19. On October 26, 2007 SST, as disponent owner, chartered the M/V PACIFIC BANGZHE (the "Vessel") to Cingler, as charterer, to carry a cargo of 24,000 metric tons (10% more or less) bulk iron ore from India to China (the "Charter Party").

4

20. Under the terms of the Charter Party, the agreed demurrage rate was $22,000 per day.

21. At the load port of Goa, India the Vessel incurred demurrage in the amount of $67,854.72.

22. At the discharge port of Jiangyin, China, the Vessel incurred demurrage in the amount of $7,931.00. As a result $75,785.72 in demurrage is outstanding and due to SST.

23. SST has demanded payment of said demurrage, but Cingler has failed and refused to pay.

24. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

25. SST reserves the right to demand arbitration from Cingler pursuant to the terms of the Charter Party.

26. Interest costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, SST expects to recover the following amounts in that action:

| | | |
|---|---|---|
| A. | Principal claim: | $75,785.72 |
| B. | Interest: | $ 9,200.00 |
| C. | Arbitration costs and attorneys' fees: | $72,000.00 |
| | Total: | $156,985.72 |

## SST'S CLAIM AGAINST TRIMURTI - M/V PACIFIC BANGZHE

27. SST repeats and realleges each and every allegation contained in paragraphs 1-26 of the this Complaint as if set forth herein.

28. Notice of Cingler's refusal to pay the demurrage was given to Trimurti. Although Trimurti guaranteed Cingler's performance, Trimurti has failed and refused to pay the outstanding demurrage.

29. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

30. SST reserves the right to demand arbitration from Trimurti pursuant to the terms of the Charter Party.

31. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, SST expects to recover the following amounts in that action:

| | | |
|---|---|---:|
| A. | Principal claim: | $75,785.72 |
| B. | Interest: | $ 9,200.00 |
| C. | Arbitration costs and attorneys' fees: | $72,000.00 |
| Total: | | $156,985.72 |

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

32. Defendants cannot be found within this District

within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendants.

33. SST seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over defendants, and to secure SST's claims as described above.

**WHEREFORE**, SST prays:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and

singular the matters alleged in the Complaint;

   B. That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $395,212.94 to secure SST's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Rule B answer the matters alleged in the Complaint;

   C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

        D.    That SST have such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
             March 14, 2008

                        CARDILLO & CORBETT
                        Attorneys for Plaintiff
                        STEVEN, STEPHAN & TONNY INTERNATIONAL
                        TRADING PTY. LTD.

                By: _____
                        James P. Rau (JR7209)
                        Office and P.O. Address
                        29 Broadway, Suite 1710
                        New York, New York 10006
                        Tel: (212) 344-0464
                        Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

1. My name is James P. Rau.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 14th day
of March, 2008

_____

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

10